IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANGELA NELSON,

       Petitioner,

v.                          CIVIL ACTION NO. 1:21CV98
                                CRIMINAL ACTION NO. 1:13CR55-12
                                (Judge Keeley)

UNITED STATES OF AMERICA,

       Respondent.

MEMORANDUM OPINION AND
ORDER DENYING PETITIONER'S § 2255 MOTION
[DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO.
1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND
AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE

---

Pending before the Court is the pro se motion filed by the petitioner, Angela Nelson ("Nelson"), to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, a motion for appointment of counsel, and a motion for leave to amend the § 2255 motion. For the reasons that follow, the Court **DENIES** Nelson's § 2255 motion (Dkt. No. 1)[1] and her motion for appointment of counsel (Case No. 1:13CR55-12, Dkt. No. 1264), **DENIES** her motion for leave to amend **AS MOOT** (Id., Dkt. No. 1268), and **DISMISSES** this case **WITH PREJUDICE**.

## I. BACKGROUND

### A. Relevant Procedural History

Nelson pleaded guilty to one count of distribution of heroin

---

[1] All docket numbers, unless otherwise noted, refer to Case No. 1:21CV98.

NELSON V. USA                                                    1:21CV98
                                                                1:13CR55-12

### MEMORANDUM OPINION AND
### ORDER DENYING PETITIONER'S § 2255 MOTION
### [DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO.
### 1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND
### AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE

within 1000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860, and received a sentence of 51 months of imprisonment followed by 6 years of supervised release (Case No. 1:13CR55-12, Dkt. Nos. 328, 589).

Nelson began her first term of supervised release on October 3, 2018, but struggled to comply with her conditions of supervision (Id., Dkt. No. 1096). Specifically, she refused outpatient therapy, used opiates and methamphetamine, and absconded from supervision (Id., Dkt. No. 1105 at 1-3). Based on these violations, on April 1, 2019, the Court revoked her supervision and sentenced her to 18 months of imprisonment, followed by 54 months of supervised release (Id., Dkt. No. 1130).

On May 4, 2020, Nelson began her second term of supervision, but failed to remain in contact with her probation officer and did not participate in outpatient substance abuse and mental health counseling as directed (Id., Dkt. No. 1182). Consequently, on September 16, 2020, the probation officer filed a Petition for Warrant or Summons for Offender Under Supervision ("12C"), requesting the issuance of a warrant after Nelson absconded from

2

NELSON V. USA                                              1:21CV98
                                                          1:13CR55-12

## MEMORANDUM OPINION AND
### ORDER DENYING PETITIONER'S § 2255 MOTION
[DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO.
1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND
AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE

supervision a second time. Id.

After Nelson was arrested by the Granville Police Department for shoplifting, her probation officer filed an Amended 12C on December 16, 2020 (Id., Dkt. No. 1214). At a final revocation hearing on February 18, 2021, the Court held the Amended 12C in abeyance and released Nelson to home confinement with electronic monitoring until she could arrange for placement at a long-term substance abuse treatment program (Id., Dkt. No. 1231).

Unfortunately, shortly thereafter, on February 22, 2021, the probation officer attempted to conduct a home inspection and install location monitoring equipment at the residence where Nelson had been ordered to stay, but found no one was at home (Id., Dkt. No. 1238 at 2). Two days later, on February 24, 2021, during home visit, Nelson tested positive for methamphetamine. Id. at 3. Marijuana seeds also were found in her possession at that time. Id.

On April 14, 2021, the Court conducted a final revocation hearing. Based on her various violations and demonstrated unwillingness to comply with the terms of her supervision, it revoked Nelson's supervised release, and sentenced her to 36 months

**NELSON V. USA**                                          **1:21CV98**
                                                          **1:13CR55-12**

## MEMORANDUM OPINION AND
### ORDER DENYING PETITIONER'S § 2255 MOTION
### [DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO.
### 1:13CR55-12, DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND
### AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE

of imprisonment with no supervised release to follow (Id., Dkt. No. 1250). On July 1, 2021, Nelson unsuccessfully moved for reconsideration of her second revocation sentence (Id., Dkt. Nos. 1253, 1262).

### B.   Pending Motions

On July 22, 2021, Nelson filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence, asserting she had been sentenced above the guideline range of 18-24 months and "charged" twice for the same shoplifting offense (Dkt. No. 1). On August 2, 2021, she requested the appointment of counsel (Case No. 1:13CR55-12, Dkt. No. 1264). On August 9, 2021, the Court received a motion for leave to amend Nelson's § 2255 (Id., Dkt. No. 1268).

## II. APPLICABLE LAW

28 U.S.C. § 2255(a) permits federal prisoners who are in custody to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a

NELSON V. USA                                           1:21CV98
                                                        1:13CR55-12

## MEMORANDUM OPINION AND
### ORDER DENYING PETITIONER'S § 2255 MOTION
[DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO.
1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND
AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE

preponderance of the evidence. See Miller v. United States, 261

F.2d 546, 547 (4th Cir. 1958). "If it plainly appears from the

[§ 2255] motion, any attached exhibits, and the record of prior

proceedings that the moving party is not entitled to relief, the

judge must dismiss the motion and direct the clerk to notify the

moving party." Rule 4(b), Rules Governing § 2255 Proceedings.

## III. DISCUSSION

**A.     Second Revocation Sentence**

Nelson's argument that her second revocation sentence is in

excess of her guideline range is legally incorrect. Although the

Court imposed a sentence of imprisonment greater than the

applicable guideline range, Nelson's thirty-six month sentence does

not exceed the statutory maximum.

"A district court has broad, though not unlimited, discretion

in fashioning a sentence upon revocation of a defendant's term of

supervised release." United States v. Slappy, 872 F.3d 202, 207

(4th Cir. 2017). "In fashioning an appropriate sentence, 'the court

should sanction primarily the defendant's breach of trust, while

taking into account, to a limited degree, the seriousness of the

underlying violation and the criminal history of the violator.'"

**NELSON V. USA**                                                    **1:21CV98**
                                                                     **1:13CR55-12**

### MEMORANDUM OPINION AND
### ORDER DENYING PETITIONER'S § 2255 MOTION
### [DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO.
### 1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND
### AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE

United States v. Hale, 793 F. App'x 204 (4th Cir. 2020) (quoting

United States Sentencing Guidelines Manual, Ch. 7, pt. A(3)(b)). 18

U.S.C. § 3583(e)(3) provides that, "on any such revocation," a

district court may impose a revocation sentence of up to thirty-six

months of imprisonment if the offense underlying the term of

supervised release was a Class B felony.

In Nelson's case, the sentence of thirty-six months of

imprisonment was the statutory maximum term of imprisonment that

could have been imposed. See 18 U.S.C. § 3583(e)(3). During the

final revocation hearing, the Court explained to Nelson her

exposure and the reasons it was imposing the statutory maximum

sentence:

> THE COURT: The range of imprisonment under the advisory
> Guidelines is 18 to 24 months. If you turn the page, you
> will see at the bottom there, that the maximum term of
> imprisonment imposable upon revocation of supervised
> release for a class B felony is 36 months. . . . So your
> maximum exposure here today is 36 months.

Case No. 1:13CR55-12, Dkt. No. 1266 at 55:1-5, 13-14.

> THE COURT: So we are looking at the nature of the offense
> and we are looking at what happened in the courtroom that
> morning where there was a lack of candor, and we are
> looking at the kinds of violations that were involved
> here, and that you had previously been revoked for a term
> of 18 months. . . . So there is a term of using and

6

NELSON V. USA                                    1:21CV98
                                                 1:13CR55-12

### MEMORANDUM OPINION AND
### ORDER DENYING PETITIONER'S § 2255 MOTION
### [DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO.
### 1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND
### AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE

> possessing controlled substances while incarcerated and
> on the morning of your hearing. . . . [Y]ou at least used
> the morning of your hearing, according to your version of
> it. Now what about your history and your characteristics?
> Well, start with the fact that this is your second round
> of violation proceedings and that in the first
> revocation, you had absconded from supervision and had
> not — and then we find out that during the second period
> of supervision, you were supposed to be in counseling,
> but you never went.

Id. at 61:1-20.

> THE COURT: Do we need a sentence of incarceration? It
> seems to me that a sentence of incarceration would
> certainly achieve the statutory purpose of promoting
> respect for the law, and your history in front of this
> Court demonstrates that you follow your wants and desires
> and ignore the requirements of your supervision. Your
> history of [12A and 12C petitions] demonstrates that you
> are very likely to recidivate. Your criminal history
> supports that, as well.

Id. at 62:15-22.

> THE COURT: The Guideline range is 18 to 24 months, and
> the maximum which we have discussed is 36 months. There
> aren't any policy statements that warrant a departure
> from at least the Guidelines here. And as I have already
> attempted to avoid having to revoke you or incarcerate
> you by allowing you to go into treatment, which didn't
> work, the fact that a treatment bed might yet be
> available does not strongly suggest itself as the
> appropriate outcome for the reason that you are very
> likely to fail that inpatient program based on your
> characteristic of manipulation, your characteristic of
> lack of candor, and the fact that while you have an
> addiction, something more is needed for a successful
> completion of a treatment program, and that something is

NELSON V. USA                                          1:21CV98
                                                      1:13CR55-12

### MEMORANDUM OPINION AND
ORDER DENYING PETITIONER'S § 2255 MOTION
[DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO.
1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND
AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE

the will to do it. . . .

Id. at 64:2-14.

Nelson testified that she would prefer to "just discharge [her] sentence." Id. at 21:13-14. And although the thirty-six month sentence imposed exceeded the advisory guideline range, it did not exceed the statutory maximum. As the Court explained at length to Nelson, her maximum statutory exposure was thirty-six months. Therefore, her challenge to her second revocation sentence based on the term of imprisonment imposed is without merit.

**B.   Double Counting of Shoplifting Offense**

Nelson next argues that her shoplifting offense was counted twice, but this is factually incorrect. A careful review of the record establishes that Violation Nos. 3 and 5 are based on two separate crimes she committed.

On December 16, 2020, Nelson's probation officer filed an Amended 12C, alleging she had been arrested by the Granville Police Department for first offense shoplifting (Id., Dkt. No. 1214). On February 18, 2021, the Court held this petition in abeyance so that Nelson could be released to pursue long-term treatment (Id., Dkt. No. 1231).

8

**NELSON V. USA**                                          **1:21CV98**
                                                          **1:13CR55-12**

### MEMORANDUM OPINION AND
### ORDER DENYING PETITIONER'S § 2255 MOTION
### [DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO.
### 1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND
### AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE

Shortly thereafter, on February 26, 2021, Nelson's probation officer filed a Second Amended 12C, alleging she had violated several mandatory conditions of her supervision, specifically, that she not commit another federal, state, or local crime, unlawfully possess a controlled substance, or unlawfully use a controlled substance (Id., Dkt. No. 1238). These allegations, noted as Violation Nos. 5, 6, and 7, were based on Nelson's February 24, 2021 positive drug screen, her admission that she had unlawfully possessed and used methamphetamine throughout her time at North Central Regional Jail, and her possession of a plastic tube filled with marijuana seeds. Id.

Nelson admitted these violations at her April final revocation hearing:

> THE DEFENDANT: Your Honor, I used meth – that got mixed up. I did not – I did not really think you were going to let me out of jail. I quit using methamphetamine when you told me I was going to be released. My celly [sic] – I explained to [the probation officer], actually I am not going to lie, I did use while I was in jail. My celly [sic] had brought some in and I did use up until 4:30 of the morning of my court.

Case No. 1:13CR55-12, Dkt. No. 1266 at 10:15-21.

Q: Okay. Now you also don't disagree that you had tubes

NELSON V. USA                                                  1:21CV98
                                                              1:13CR55-12

## MEMORANDUM OPINION AND
### ORDER DENYING PETITIONER'S § 2255 MOTION
**[DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO. 1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE**

> of marijuana seeds in your house during the home contact
> on February 24th; right?
>
> A: I do not disagree. I explained to [the probation
> officer], they  were in the bottom of a tackle box . . .
> that I had put that there long before I had ever got
> caught shoplifting or anything. I honest to God did not
> remember them to be there. If I would have been, I am
> smarter than that, I would have throwed [sic] them away.
> I wouldn't have kept them.

Id. at 24:8-17.

> THE COURT: And you admitted to unlawful possession and
> use of methamphetamine throughout your time in jail; is
> that correct?
>
> THE DEFENDANT: Yes, Your Honor.

Id. at 38:22-25.

> THE COURT: The first [violation] is possession and use of
> controlled substances. That is a Grade B violation. . .
> . So Shall not commit another federal, state, or local
> crime, that is a Grade C violation. And moving without
> notifying the probation officer, that is a Grade C
> violation. Those last three were from your first hearing
> here back in February when you admitted to those
> violations, do you recall that?
>
> THE DEFENDANT: Yes, Your Honor.

Id. at 54:4-16.

Moreover, the Judgment and Commitment Order ("J&C") for

Nelson's second revocation sentence states that Violation No. 3

10

NELSON V. USA                                              1:21CV98
                                                          1:13CR55-12

### MEMORANDUM OPINION AND
### ORDER DENYING PETITIONER'S § 2255 MOTION
### [DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO.
### 1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND
### AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE

ended on December 7, 2020, and that Violation No. 5 concluded on
February 24, 2021, (Id., dkt. no. 1250), which comports with the
allegations in the Second Amended 12C. Based on all of this
information, Violation Nos. 3 and 5 of the Second Amended 12C
clearly are not based on the same conduct. Violation No. 3 pertains
to Nelson's shoplifting charge, and Violation No. 5 concerns
Nelson's use of controlled substances, specifically, her unlawful
possession and use of methamphetamine while incarcerated at the
North Central Regional Jail, and her possession of marijuana seeds
while on release to pursue long-term treatment for her addiction.
Therefore, Nelson's shoplifting charge was not double counted.

### IV. EVIDENTIARY HEARING

Under § 2255, a court must grant a hearing to "determine the
issues and make findings of fact and conclusions of law" unless it
can be "conclusively shown" through the case record that a
petitioner is not entitled to relief. 28 U.S.C. § 2255(b). As
explained above, Nelson has not raised any material issues that
remain in dispute and therefore cannot demonstrate the need for an
evidentiary hearing. United States v. Witherspoon, 231 F.3d 923

NELSON V. USA                                              1:21CV98
                                                          1:13CR55-12

**MEMORANDUM OPINION AND**
**ORDER DENYING PETITIONER'S § 2255 MOTION**
**[DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO.**
**1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND**
**AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE**

(4th Cir. 2000); <u>McCarver v. Lee</u>, 221 F.3d 583, 598 (4th Cir.
2000).

**V. MOTION FOR APPOINTMENT OF COUNSEL**

There is no constitutional right to appointed counsel in a
§ 2255 proceeding. <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555
(1987). "[T]he right to appointed counsel extends to the first
appeal of right and no further." <u>Id.</u> The Court should appoint
counsel to represent an indigent defendant only after a showing of
particular need or exceptional circumstances has been made. <u>See</u> 28
U.S.C. § 1915(e)(1); <u>Cook v. Bounds</u>, 518 F.2d 779 (4th Cir. 1975).
"The question of whether such circumstances exist in any particular
case hinges on characteristics of the claim and the litigant."
<u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir 1984). Nonetheless,
the Rules Governing Section 2255 Proceedings of the United States
District Courts require that counsel be appointed in certain
circumstances, such as upon a determination that an evidentiary
hearing is required or if necessary for effective discovery. <u>See</u>
Rules 6(a) and 8(c) of the Rules Governing § 2255 Proceedings.

Here, no evidentiary hearing is necessary, nor is any

**NELSON V. USA**                                                    **1:21CV98**
                                                                    **1:13CR55-12**

MEMORANDUM OPINION AND
ORDER DENYING PETITIONER'S § 2255 MOTION
[DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO.
1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND
AS MOOT [<u>ID.</u>, DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE

discovery required because all of Nelson's arguments are without

merit. Because she is not entitled to the appointment of counsel,

the Court **DENIES** Nelson's motion (Case No. 1:13CR55-12, Dkt. No.

1264).

## VI. MOTION FOR LEAVE TO AMEND

On August 9, 2021, the Court received a motion to amend

Nelson's § 2255 motion (<u>Id.</u>, Dkt. No. 1268). Although Nelson does

not explain why she seeks to amend her motion, she lists three

grounds: first, ineffective assistance of counsel for revocation

sentencing guidelines error; second, ineffective assistance of

counsel based on an increased guideline range for "double violation

of Revocation # 3 and # 5"; and, finally, ineffective assistance of

counsel for failure to file an appeal. <u>Id.</u>

Because Nelson filed her motion for leave to amend within

twenty-one days of filing her § 2255 motion, she did not need to

seek leave from the Court. <u>See</u> Fed. R. Civ. P. 15(a)(1); <u>see also</u>

<u>United States v. MacDonald</u>, 641 F.3d 596, 616 (4th Cir. 2011)

("Rule 15 is applicable to § 2255 motions by way of 28 U.S.C. §

2242, Federal Rule of Civil Procedure 81(a)(4), and Rule 12 of the

Rules Governing Section 2255 Proceedings for the United States

13

NELSON V. USA                                          1:21CV98
                                                      1:13CR55-12

## MEMORANDUM OPINION AND
### ORDER DENYING PETITIONER'S § 2255 MOTION
**[DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO. 1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE**

District Courts."). Accordingly, the Court **DENIES** Nelson's Motion for Leave to Amend **AS MOOT** and treats its allegations as additions or amendments to her instant § 2255 motion.

The grounds Nelson asserts in her amended § 2255 fail for three reasons. First, Nelson's ineffective assistance of counsel claim fails because there is no constitutional basis for this right in a revocation proceeding. "[L]ike parole and probation revocation proceedings, supervised release revocation hearings are not criminal proceedings." United States v. Riley, 920 F.3d 200, 206 (4th Cir. 2019) (internal quotation marks omitted). "As such, these proceedings do not trigger the 'full panoply of rights' that attach in criminal prosecutions." United States v. Rollins, __ F. App'x __, 2021 WL 3523157 (4th Cir. Aug. 11, 2021) (quoting Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593 (1972)). Instead, the right to counsel at a preliminary hearing or revocation hearing arises from Rule 32.1(b)(1)(B) and (b)(2)(D) of the Federal Rules of Criminal Procedure. See United States v. Hamilton, 360 F. App'x 424, 426 (4th Cir. 2010) (finding defendant did not have a Sixth Amendment right to proceed pro se during the course of a supervised release revocation hearing).

14

NELSON V. USA                                          1:21CV98
                                                       1:13CR55-12

## MEMORANDUM OPINION AND
### ORDER DENYING PETITIONER'S § 2255 MOTION
**[DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO. 1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE**

Even if Nelson had a Sixth Amendment right to counsel at her final supervised revocation hearing, she cannot show that her counsel was ineffective. To succeed on an ineffective assistance of counsel claim, a petitioner must show, by a preponderance of the evidence, that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

To satisfy the first prong, a petitioner must show that counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 687-88. But "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

15

NELSON V. USA                                          **1:21CV98**
                                                       **1:13CR55-12**

## MEMORANDUM OPINION AND
### ORDER DENYING PETITIONER'S § 2255 MOTION
### [DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO.
### 1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND
### AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE

To satisfy the second prong, the "[p]etitioner must show that 'counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the Sixth Amendment.'" DeCastro v. Branker, 642 F.3d 442, 450 (4th Cir. 2011) (citing Harrington v. Richter, 562 U.S. 86, 88, 131 S.Ct. 770 (2011)). It is insufficient for the defendant "to show that the errors had some conceivable effect on the outcome of the proceeding," because "[v]irtually every act or omission of counsel would meet that test." Strickland, 466 U.S. at 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. While assistance "which is ineffective in preserving fairness does not meet the constitutional mandate . . . defects in assistance that have no probable effect upon the trial's outcome do not establish a constitutional violation." Mickens v. Taylor, 535 U.S. 162, 166, 122 S.Ct. 1237 (2002) (citing Strickland, 466 U.S. at 685-86).

As discussed above, Nelson's contentions related to the length of her second revocation sentence and a "double-counted" violation

NELSON V. USA                                                1:21CV98
                                                            1:13CR55-12

### MEMORANDUM OPINION AND
### ORDER DENYING PETITIONER'S § 2255 MOTION
### [DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO.
### 1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND
### AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE

are factually and legally incorrect, and "[a]n attorney's failure
to raise a meritless argument [ ] cannot form the basis of a
successful ineffective assistance of counsel claim." United States
v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999). Nelson's sentence did
not exceed the statutory maximum, and her shoplifting charge was
not counted twice. Therefore, any objections regarding these issues
would have been meritless.

It is noteworthy that, even after Nelson admitted to violating
the terms of her supervised release after the Court released her to
pursue long term treatment, her attorney continued to advocate for
the Court to give her another chance:

> MS. GROSS: Thank you, Judge. I know Ms. Nelson had told
> the Court she wants it to be over and burn her paper, but
> it is clear to me that's not really what she wants the
> Court to do, obviously, if we are talking about Serenity
> Hills.
>
> She is right, our office will [transport her]. Our office
> has been in contact with Serenity Hills. The bed is still
> available for Ms. Nelson. . . . I'm sure the Court knows
> that it is hard for me – I believed Ms. Nelson at her
> last hearing [when she expressed readiness for
> treatment]. I wouldn't have done what I did had I not. .
> . . Ms. Nelson is still adamant about getting that
> treatment. Because like I said, it has not stopped. The
> communication and the adamant "I need this, I need this,
> I need this," has not faltered even after this violation.

17

**NELSON V. USA**                                                **1:21CV98**
                                                                **1:13CR55-12**

### MEMORANDUM OPINION AND
### ORDER DENYING PETITIONER'S § 2255 MOTION
### [DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO.
### 1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND
### AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE

Dkt. No. 1266 at 48:22-49:14.

What Nelson fails to accept is the reality that she admitted, under oath, that, in addition to the three violations to which she admitted in the first petition, she committed additional violations after being released to enroll in long-term treatment. Indeed, "[t]he predominant factor underlying the revocation sentence was not the number of times [Nelson] violated the terms and conditions of release . . . rather, the driving force was that [she] violated the terms and conditions at all" after being given a second chance. Green v. United States, 2015 WL 10648981, at *6 (S.D. W. Va. Dec. 23, 2015). Therefore, Nelson cannot demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," Strickland v. Washington, 466 U.S. 668, 687-91, 104 S.Ct. 2052 (1984), and her contentions cannot support a successful claim of ineffective assistance of counsel.

Finally, Nelson's allegation regarding her appellate rights is without merit. As a general matter, failure to perfect a *requested* appeal as of right constitutes ineffective assistance of counsel,

18

NELSON V. USA                                              1:21CV98
                                                          1:13CR55-12

### MEMORANDUM OPINION AND
### ORDER DENYING PETITIONER'S § 2255 MOTION
### [DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO.
### 1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND
### AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE

irrespective of the possibility of success on the merits. United
States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993) (emphasis added).
Nelson, however, has failed to allege, much less establish, that
she requested her counsel to file an appeal following her final
revocation hearing. Instead, she alleges that "[d]eficient
performance occurred where counsel did not file for an Appeal.
Prejudice occurred by defendant was denied Appellant Rights." (Dkt.
No. 1268 at 2) (emphasis in original).

> Yet, the Court explicitly informed Nelson how to appeal:
>
> THE COURT: You have a right to appeal my decision and if
> you wish to do so, you need to file a notice in writing
> within 14 days following the entry of the judgment order.
> If you cannot afford an attorney, the Appellate Court in
> Richmond, Virginia, can appoint counsel on your behalf.
> You need only tell them that you need counsel because you
> have already filed an in forma pauperis affidavit. You
> need not refile that.

Dkt. No. 1266 at 68:17-23. Nelson bears the burden of proof on this
issue and has only baldly alleged that her counsel failed to file
an appeal. Without evidence that she actually requested this appeal
be filed, she cannot demonstrate ineffective assistance of counsel.
Accordingly, Nelson's request for relief in her amended § 2255
motion is without merit.

19

NELSON V. USA                                          1:21CV98
                                                      1:13CR55-12

## MEMORANDUM OPINION AND
### ORDER DENYING PETITIONER'S § 2255 MOTION
[DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO.
1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND
AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE

### VII. CONCLUSION

For the reasons discussed, the Court **DENIES** Nelson's § 2255 motion (Dkt. No. 1) and her motion for appointment of counsel (Case No. 1:13CR55-12, Dkt. No. 1264), **DENIES** her motion for leave to amend (Id., Dkt. No. 1268) **AS MOOT**, and **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

The Clerk **SHALL** enter a separate judgment order and transmit copies of both orders to the pro se petitioner by certified mail, return-receipt-requested, and to counsel of record by electronic means. The Court **DIRECTS** the Clerk to strike this case from the Court's active docket.

### VIII. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."

NELSON V. USA                                          1:21CV98
                                                       1:13CR55-12

### MEMORANDUM OPINION AND
### ORDER DENYING PETITIONER'S § 2255 MOTION
### [DKT. NO. 1], MOTION FOR APPOINTMENT OF COUNSEL [CASE NO.
### 1:13CR55-12,DKT. NO. 1264], DENYING MOTION FOR LEAVE TO AMEND
### AS MOOT [ID., DKT. NO. 1268], AND DISMISSING CASE WITH PREJUDICE

28 U.S.C. § 2255(a).

    The Court finds it inappropriate to issue a certificate of appealability in this matter because Nelson has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Nelson has failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of appealability.

DATED: August 13, 2021


                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE

21